1  Charles P. Maher, State Bar No. 124748
   Jeffrey L. Fillerup, State Bar No. 120543
2  Nhung Le, State Bar No. 209552
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
4  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
5

6  Attorneys for Andrea A. Wirum,
   Successor-in-Interest to Charles E. Sims
7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

| 12 | In re RAMIN YEGANEH, | District Court Case No. C-08-01401 JSW |
|---|---|---|
| 13 | | |
| 14 | Debtor. | |
| 15 | CHARLES E. SIMS, Trustee, | Bankruptcy Case No. 05-30047 TEC Chapter 7 |
| 16 | Appellee, | |
| 17 | v. | Adversary Proceeding No. 05-3243 TC |
| 18 | ADVANTA TRUST and FARIN YEGANEH aka F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FRAN YEGANEH, | **NOTICE OF MOTION AND MOTION TO DISMISS APPEAL OF INTERLOCUTORY ORDER [FRCP 12(b)(1)]** |
| 19 | | |
| 20 | | |
| 21 | Appellant. | Date:   May 16, 2008 |
| 22 | | Time:   9:00 a.m. Place:   450 Golden Gate Avenue, |
| 23 | | Courtroom 2, 17th Floor, San Francisco, CA |
| 24 | | Court:   Honorable Jeffrey S. White |

25  TO:   APPELLANTS ADVANTA TRUST and FARIN YEGANEH aka F. NAMDARAN aka
        FRAN NAMDARAN aka FARIN NAMDARAN aka FRAN YEGANEH

26       **PLEASE TAKE NOTICE THAT** on May 16, 2008, at 9:00 a.m., at 450 Golden Gate

27  Avenue, San Francisco, California, Courtroom 2, Floor 17, Appellee Andrea A. Wirum,

28  successor-in-interest to Charles E. Sims, will move this Court for an order dismissing the above

                                    1

1   appeal commenced by the Appellants on March 6, 2008, on the ground that this Court lacks

2   subject matter jurisdiction because the appeal is an appeal of an interlocutory order and leave has

3   not been granted to the Appellants to bring the appeal.

4        This motion is based on this notice of motion and motion to dismiss appeal, the

5   memorandum in support of motion to dismiss appeal, Federal Rule of Civil Procedure 12(b)(1), 28

6   U.S.C. § 158, Rules 8001(b) and 8003(a) of the Federal Rules of Bankruptcy Procedure, the

7   declaration of Charles P. Maher, and such other argument and evidence as is offered by Appellee

8   in connection with this motion.

9

10   DATED: March 31, 2008        LUCE, FORWARD, HAMILTON & SCRIPPS LLP

11

12                       By: _____

13                          Charles P. Maher,
                            Counsel for Andrea A. Wirum, Appellee and

14                            Successor-in-Interest to Charles E. Sims

15   301033741.1

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1  Charles P. Maher, State Bar No. 124748
   Jeffrey L. Fillerup, State Bar No. 120543
2  Nhung Le, State Bar No. 209552
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
4  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
5
6  Attorneys for Andrea A. Wirum,
   Successor-in-Interest to Charles E. Sims
7

8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

| 12 | In re RAMIN YEGANEH, | District Court Case No. C-08-01401 JSW |
|---|---|---|
| 13 | | |
| 14 | Debtor. | |
| 15 | CHARLES E. SIMS, Trustee, | Bankruptcy Case No. 05-30047 TEC Chapter 7 |
| 16 | Appellee, | |
| 17 | v. | Adversary Proceeding No. 05-3243 TC |
| 18 | ADVANTA TRUST and FARIN YEGANEH aka F. NAMDARAN aka FRAN | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS APPEAL OF** |
| 19 | NAMDARAN aka FARIN NAMDARAN aka FRAN YEGANEH, | **INTERLOCUTORY ORDER [FRCP 12(b)(1)]** |
| 20 | | |
| 21 | Appellant. | Date:    May 16, 2008 |
| 22 | | Time:    9:00 a.m. Place:    450 Golden Gate Avenue, |
| 23 | | Courtroom 2, 17th Floor, San Francisco, CA |
| 24 | | Court:    Honorable Jeffrey S. White |

25        Andrea A Wirum, Trustee in Bankruptcy of the estate of the above Debtor and Plaintiff in

26  the above adversary proceeding, as successor-in-interest to Charles E. Sims, respectfully

27  represents.

28

I.    INTRODUCTION

The appellants appeal an interlocutory order of the Bankruptcy Court without having obtained leave of court to do so.  Section 158 of Title 28 provides that the district courts have jurisdiction to hear appeals of final orders and judgments of the bankruptcy courts, but may hear appeals of interlocutory orders only if leave has been granted.  Leave to appeal the order at issue has neither been granted nor requested.

II.    STATEMENT OF PROCEDURAL FACTS

By order dated February 28, 2008, the United States Bankruptcy Court issued an order denying Plaintiff's motion for summary judgment and the Defendants' counter-motion for summary judgment.  An authentic copy of the order is attached as Exhibit A to the Declaration of Charles P. Maher filed with this memorandum.  The February 28 order is a interlocutory order and cannot be appealed without leave of court.  The Federal Rules of Bankruptcy Procedure require an appellant to file a motion for leave to appeal an interlocutory order at the same time the appellant files the notice of appeal.  Fed. R. Bankr. Proc. 8001(b).  In this case, the appellants did not file a motion for leave to file an interlocutory appeal.  Rule 8003(c) of the Federal Rules of Bankruptcy Procedure provides that "the district court … may grant leave to appeal or direct that the appellant file a motion for leave to appeal or deny leave to appeal but treat the notice of appeal as a motion for leave to appeal."

The Bankruptcy Court's February 28, 2008, Order was entered in the above adversary proceeding and in two other adversary proceedings involving substantially the same parties.

Within 10 days of entry of the February 28 order, the Defendants in the above adversary proceeding filed a notice of appeal.  The Defendants in the other two related adversary proceedings simultaneously filed notices of appeal in those adversary proceedings.  Those adversary proceedings on appeal have been designated District Court Case Nos. C-08-01399 CW and C-08-01400 MHP.  Whether the three appeals should be determined to be related cases under Civil Local Rule 3-12(a) to Case No. C-07-03256 JSW and to C-06-02788 CW is currently under consideration.

1     The Bankruptcy Court has set a trial on this and the two other adversary proceedings for

2  June 3, 2008.  An authentic copy of the Bankruptcy Court's scheduling order is attached as

3  Exhibit B to the Declaration of Charles P. Maher.

4  III.    ARGUMENT

5     It is a matter of black letter law that an appeal of right may be taken from a final order or

6  judgment of the bankruptcy court.  However, appeal of an interlocutory order may be taken only

7  with leave of the court.  Section 158 of Title 28 of the United States Code provides that, in

8  bankruptcy cases,

9             (a)     The district courts of the United States shall have jurisdiction to hear

10                    appeals

11                   (1)     from final judgments, orders, and decrees;

12                   (2)     from interlocutory orders and decrees issued under Section 1121(d)

13                        of Title 11 increasing or reducing the time periods referred to in

14                        Section 1121 of such title; and

15                   (3)     with leave of the Court, from other interlocutory orders and decrees

16                        and with leave of the court, from interlocutory orders and decrees, of

17                        bankruptcy judges entered in cases and proceedings referred to the

18                        bankruptcy judges under Section 157 of this title.

19     An order denying a summary judgment motion is an interlocutory order and the District

20  Court does not have jurisdiction to hear an appeal of it, unless the District Court grants leave to

21  appeal.  In the above adversary proceeding, trial has been set for June 3, 2008.

22     Rules 8001 and 8003 of the Federal Rules of Bankruptcy Procedure ("FRBP") describe the

23  process for obtaining leave to file an interlocutory appeal.  FRBP 8001(b) provides as follows:

> An appeal from an interlocutory judgment, order, or decree of a bankruptcy judge
> as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal, as
> prescribed in subdivision (a) of this rule, accompanied by a motion for leave to
> appeal prepared in accordance with Rule 8003 and with proof of service in
> accordance with Rule 8008.

27     A notice of appeal of an interlocutory order that is not accompanied by a motion for leave

28  to appeal is an improper appeal.  The appeal by the Defendants in the above adversary proceeding

1   was not accompanied by a motion for leave to appeal the Bankruptcy Court's February 28 order.

2   FRBP 8003(c) addresses appeals improperly taken:

3       If a required motion for leave to appeal is not filed, but a notice of appeal is
        timely filed, the district court or bankruptcy appellate panel may grant leave to
4       appeal or direct that a motion for leave to appeal be filed. The district court or the
        bankruptcy appellate panel may also deny leave to appeal but in so doing shall
5       consider the notice of appeal as a motion for leave to appeal. Unless an order
        directing that a motion for leave to appeal be filed provides otherwise, the motion
6       shall be filed within 10 days of entry of the order.

7   The Bankruptcy Appellate Panel ("BAP") of the Ninth Circuit recently dismissed an

8   interlocutory appeal of an order denying summary judgment in *In re Hupp*, _____ B.R.

9   _____, 2008 W.L. 485039 (9th Cir. BAP 2008). A decision of the Bankruptcy Appellate

10  Panel is not binding on the District Court. However, the reasoning set forth in the *Hupp* case is

11  instructive. The BAP found that an order denying a motion for summary judgment and requiring

12  trial of the adversary proceeding was an interlocutory order that required leave of court to appeal

13  pursuant to 28 U.S.C. § 158(a)(3). *Id.*

14  Tracking the language Rule 8003(a), the BAP set forth the requirements for obtaining

15  leave to appeal as follows: filing a motion that contains a statement of facts necessary to an

16  understanding of the questions to be presented by the appeal, a statement of the questions and the

17  relief sought, a statement of reasons why an interlocutory appeal should be entertained, and copies

18  of the questioned order and any opinion or memorandum relating to it. *Id.*

19  The BAP further stated that, if the required motion for leave to appeal is not made, FRBP

20  8003(c) authorizes the reviewing court either to grant leave to appeal or to direct that a motion for

21  leave to appeal be filed, or to deny leave to appeal after considering the notice of appeal as a

22  motion for leave to appeal. In *Hupp*, the BAP elected to exercise its discretion by considering the

23  notice of appeal as a motion for leave to appeal, and then denying leave to appeal.

24  In the above adversary proceeding and in the two others identified above, the Bankruptcy

25  Court entered an interlocutory order denying Plaintiff's motion for summary judgment and the

26  Defendants' counter-motion for summary judgment. The Bankruptcy Court has set a trial in all

27  three adversary proceeding for June 3, 2008. The Defendants filed a notice of appeal of that order

28  without a motion for leave to appeal in violation of FRBP 8001(b). Plaintiff asserts that there is

1    no legitimate argument that the order denying summary judgment is a final order, and there are no

2    grounds for granting leave to appeal.

3    IV.    CONCLUSION

4          Plaintiff respectfully requests that the District Court dismiss the interlocutory appeal for

5    lack of subject matter jurisdiction after considering the Defendants' notice of appeal to be a

6    motion for leave to appeal.

7

8    DATED: March ___, 2008                LUCE, FORWARD, HAMILTON & SCRIPPS LLP

9

10                                    By: _____

11                                         Charles P. Maher,
                                          Counsel for Plaintiff Andrea A. Wirum, Successor-in-
12   301033256.2                           Interest to Charles E. Sims

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Charles P. Maher, State Bar No. 124748
Jeffrey L. Fillerup, State Bar No. 120543
Nhung Le, State Bar No. 209552
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610

Attorneys for Andrea A. Wirum,
Successor-in-Interest to Charles E. Sims

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re RAMIN YEGANEH, | District Court Case No. C-08-01401 JSW |
| Debtor. | |
| CHARLES E. SIMS, Trustee, | Bankruptcy Case No. 05-30047 TEC Chapter 7 |
| Appellee, | Adversary Proceeding No. 05-3243 TC |
| v. | |
| ADVANTA TRUST and FARIN YEGANEH aka F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FRAN YEGANEH, | **DECLARATION OF CHARLES P. MAHER IN SUPPORT OF MOTION TO DISMISS APPEAL OF INTERLOCUTORY ORDER [FRCP 12(b)(1)]** |
| Appellant. | Date:    May 16, 2008<br>Time:    9:00 a.m.<br>Place:    450 Golden Gate Avenue, Courtroom 2, 17th Floor, San Francisco, CA<br>Court:    Honorable Jeffrey S. White |

I, Charles P. Maher, declare as follows:

1.     I am an attorney with the law firm of Luce, Forward, Hamilton & Scripps, LLP, counsel of record to Andrea A. Wirum, Trustee in Bankruptcy of the estate of the above Debtor, and Plaintiff in the above adversary proceeding. Ms. Wirum is successor-in-interest to Charles E. Sims, the initial Trustee in the above case and initial Plaintiff in the above adversary proceeding. Mr. Sims died in September 2006.

1

1    2.    I am the attorney primarily responsible for representing the Trustee in the bankruptcy

2    case and am one of the attorneys involved in the Trustee's prosecution of the above adversary

3    proceeding.

4    3.    In late 2006, the Trustee's predecessor brought a motion for summary judgment on his

5    first claim for relief in the above adversary proceeding and the identical claim in two related adversary

6    proceedings: avoidance and recovery of intentionally fraudulent transfers. The Defendants filed a

7    counter-motion for summary judgment. The Court considered both motions at a hearing on November

8    15, 2006. The Bankruptcy Court did not immediately issue a written decision on the motions because

9    settlement discussions commenced immediately after the hearing, and the Bankruptcy Court acceded

10   to Plaintiff's request that it withhold ruling on the summary judgment motion while settlement

11   discussions were pending. In November 2007, I filed a document in this adversary proceeding and in

12   the two related adversary proceedings, indicating that settlement discussions had failed and had been

13   terminated and requesting that the Court take the motion and counter-motion under submission.

14   4.    The Court issued an order denying Plaintiff's motion for summary judgment and the

15   Defendant's counter-motion for summary judgment on February 28, 2008. An authentic copy of the

16   order is attached as **Exhibit A**. The same order was entered in each of the two related adversary

17   proceedings; notices of appeals of the interlocutory order have been filed in those as well and the

18   District Court has given them to the following case numbers: C-08-01399 CW and C-08-01400 MHP.

19   5.    The Bankruptcy Court's docket reflects notices of appeal of the February 28, 2008,

20   order in each adversary proceeding but not a motion for leave to appeal the February 28, 2008, order.

21   6.    Attached as **Exhibit B** is an authentic copy of the Bankruptcy Court's trial scheduling

22   order entered on the bankruptcy docket on March 13, 2008.

23   I declare under penalty of perjury that the above statements are true and that if called as a

24   witness I could and would testify to their truthfulness. This declaration is executed on the 3 1st day

25   of March 2008 in San Francisco, California.

26

27   _____
     Charles P. Maher

28   301033318.1

2

# EXHIBIT A

# EXHIBIT A

Entered on Docket
February 28, 2008
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1

2          **Signed and Filed: February 28, 2008**

3

4          _____
                     **THOMAS E. CARLSON**
5                    **U.S. Bankruptcy Judge**
           _____
6

7

8                  UNITED STATES BANKRUPTCY COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  In re                          )  Case No: 05-30047 TEC
                                    )
11  RAMIN YEGANEH,                  )  Chapter 7
                                    )
12                                  )
                         Debtor.    )
13  _____)
    CHARLES E. SIMS, Trustee,       )  Adv. Proc. 05-3240 TC
14                                  )
                         Plaintiff, )
15  v.                              )
                                    )
16  F. NAMDARAN aka FRAN NAMDARAN   )
    aka FARIN NAMDARAN aka FARIN    )
17  YEGANEH aka FRAN YEGANEH,       )
                                    )
18                       Defendant. )
                                    )
19  _____)
    CHARLES E. SIMS, Trustee,       )
20                                  )
                         Plaintiff, )  Adv. Proc. 05-3242 TC
21                                  )
22  v.                              )
                                    )
23  COAST DEVELOPMENT TRUST and     )
    FARIN YEGANEH aka F. NAMDARAN aka )
24  FRAN NAMDARAN aka FARIN NAMDARAN )
    aka FRAN YEGANEH,               )
25                                  )
                        Defendants. )
26  _____)

27

28

    ORDER RE CROSS MOTIONS
    FOR SUMMARY JUDGMENT            -1-

1

CHARLES E. SIMS,                          )        Adv. Proc. 05-3243 TC
2                                         )
                        Plaintiff,        )
3                                         )
v.                                        )
4                                         )
ADVANTA TRUST and FARIN YEGANEH           )
5  aka F. NAMDARAN aka FRAN NAMDARAN      )
   aka FARIN NAMDARAN aka FRAN            )
6  YEGANEH,                               )
                                          )
7                       Defendants.       )
   _____)
8

### ORDER RE TRUSTEE'S AND DEFENDANTS'
9 ### CROSS MOTIONS FOR SUMMARY JUDGMENT

10      The court held a hearing on November 15, 2006 on Trustee's and

11  Defendants' cross motions for summary judgment.  Jeffery L. Fillerup

12  and Nhung Le appeared for Trustee.  Jonathan G. Chance appeared for

13  Defendants.

14      Upon request of the parties, the court deferred ruling on the

15  cross motions to allow the parties time to discuss settlement.  On

16  November 9, 2007, the parties informed the court that settlement

17  efforts had failed, and requested that the court rule on the cross

18  motions.

19      Upon due consideration, the court hereby orders as follows:

20  (1)  Plaintiff's motion for summary judgment is denied.

21  (2)  Defendants' cross motion for summary judgment is denied.

22  (3)  For purposes of this order:

23      (a)  The **"San Mateo Properties"** means the following real

24          property involved in the action against Coast Development

25          Properties (A.P. No. 05-3242): (i) 627 Prospect Row, San

26          Mateo, CA; (ii) 48 N. Grant St., San Mateo, CA; and (iii)

27          718 E. 4th St., San Mateo, CA.

28

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT          -2-

1     (b)   The **"East Bay Properties"** means the following real

2            property involved in the action against Advanta Trust

3            (A.P. No. 05-3243): (i) 6853 Simson St., Oakland, CA; and

4            (ii) 394 Sparling Drive, Hayward, CA.

5     (c)   The **"Peninsula Properties"** means the following real

6            property involved in the action against Fran Namdaran

7            (A.P. No. 05-3240): (i) 1659 Linda Mar Blvd, Pacifica, CA;

8            (ii) 115 Francisco Dr., South San Francisco, CA; and (iii)

9            139 Francisco Drive, South San Francisco, CA.

10    (d)   The **"Oakland Properties"** means the following real property

11           involved in the action against Allied Management Trust

12           (A.P. No. 05-3241): (i) 2462 Taylor Avenue, Oakland, CA;

13           (ii) 2300 Auseon Avenue, Oakland, CA; (iii) 1012 73rd

14           Avenue, Oakland, CA; (iv) 1278 79th Avenue, Oakland, CA;

15           and (v) 1086 69th Avenue, Oakland, CA.

16 (4)  Plaintiff has established that the following material facts

17     exist without substantial controversy.

18     (a)   Farin Namdaran and F. Namdaran are Debtor's mother.

19     (b)   R. Rad is Debtor.

20     (c)   Debtor's mother is the trustee and beneficiary of the

21           Coast Development Trust.  There is no document evidencing

22           the creation of the Coast Development Trust.

23     (d)   Debtor's mother is the trustee and beneficiary of the

24           Advanta Trust.  There is no document evidencing the

25           creation of the Advanta Trust.

26     (e)   Debtor is the trustee and beneficiary of the Allied

27           Management Trust.

28     (f)   All of the facts set forth in the table below.

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT       -3-

| Date | Event |
|------|-------|
| 8/14/92 | "Ramin Yeganeh, an unmarried man" takes title to the real property at 627 Prospect Row, San Mateo, CA, one of the three San Mateo Properties. |
| 1/27/94 | "Ramin Yeganeh, an unmarried man" takes title to the real property at 48 N. Grant St., San Mateo, CA, one of the three San Mateo Properties. |
| 6/1/94 | "Ramin Yeganeh, an unmarried man" takes title to the real property at 718 E. 4th St., San Mateo, CA, one of the three San Mateo Properties. |
| 9/14/98 | "Ramin Yeganeh, a single man" takes title to the real property at 6853 Simson St., Oakland, CA, one of the two East Bay Properties. |
| 10/8/98 | "Ramin Yeganeh, a single man" takes title to the real property at 394 Sparling Drive, Hayward, CA, one of the two East Bay Properties. |
| 4/7/99 | "Ramin Yeganeh, a single man" takes title to the real property at 1659 Linda Mar Blvd, Pacifica, CA, one of the three Peninsula Properties. |
| 6/25/99 | "Ramin Yeganeh, a single man" takes title to the real properties at 115 Francisco Dr., South San Francisco, CA and 139 Francisco Drive, South San Francisco, CA, two of the three Peninsula Properties. |
| 1999 | Debtor discards or destroys records regarding the San Mateo Properties, the East Bay Properties, and the Peninsula Properties.  Debtor destroys or discards mortgage loan documents, property tax statements, lease agreements, evidence of lease payments received, records of improvements, repair invoices, property insurance statements, and utilities statements. |
| 9/8/99 | Debtor is arrested and his business records are seized; he is charged with violations of the criminal provisions of Cal. Civ. Code § 2945 re business practices of mortgage foreclosure consultants. |
| 10/4/99 | Wobogo files suit against Debtor under Cal. Bus. & Prof. Code § 17200 in San Mateo County Superior Court (Superior Court), Case No. 410586 (State-Court Action); 27 victims allege in the complaint that Debtor unlawfully foreclosed mortgages. |
| 3/20/01 | Debtor pleads no contest to four separate felony counts under Cal. Civ. Code § 2945.4(g), involving four victims.  Debtor is sentenced to five years probation, his broker's license is suspended, and he is ordered not to engage in mortgage broker activity. |

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT            -4-

| | | |
|---|---|---|
| 6/28/01 | Debtor transfers the three Peninsula Properties to "F. Namdaran, a single woman" (Debtor's mother). No consideration was paid for the transfers. A motion for summary judgment was pending in the State-Court Action on the date the Peninsula Properties were transferred. |
| 7/30/01 | Superior Court grants plaintiffs' motion for summary judgment, determining that Debtor violated Cal. Bus & Prof. Code § 17200; restitution hearings commence. |
| 7/31/01 | Debtor transfers the three San Mateo Properties to the Coast Development Trust (in which Debtor's mother is the trustee and beneficiary). No consideration was paid for the transfers. |
| 8/1/01 | Debtor files chapter 13 bankruptcy case; on petition, Debtor uses an incomplete and inaccurate spelling of his name and the wrong home address. |
| 8/2/01 | Debtor voluntarily dismisses his chapter 13 case. |
| 8/10/01 | In State-Court Action, the plaintiffs file an application for temporary restraining order to prohibit Debtor from transferring any real property. |
| 9/24/01 | Debtor transfers the East Bay Properties to the Advanta Trust (in which Debtor's mother is the trustee and beneficiary). No consideration was paid for the transfers. After transferring these properties, Debtor continues to collect the rental income from the properties and does not turn over the rent to his mother. |
| 10/3/01 | The Superior Court grants an order modifying the preliminary injunction, which prohibits Debtor from conducting or engaging in certain real property transactions. |
| 4/18/02 | Debtor testifies under oath in the Superior Court: (i) that F. Namdaran was a man named "Fred" or a woman whose name he could not recall; and (ii) that R. Rad was Rick Rad, that his relationship with R. Rad was none. |
| June 2002 | Under the name "R. Rad, a single man", Debtor acquires title to 2462 Taylor Avenue, Oakland, CA, one of the five Oakland Properties. |
| Sept. 2002 | Under the name "R. Rad, a single man", Debtor acquires title to 2300 Auseon Avenue, Oakland, CA (Auseon Property), one of the five Oakland Properties. |
| Nov. 2002 | Under the name "R. Rad, a single man", Debtor acquires title to 1012 73rd Avenue, Oakland, CA, one of the five Oakland Properties. |

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT          -5-

| Dec. 2002 | Under the name "R. Rad, a single man", Debtor acquires title to 1278 79th Avenue, Oakland, CA, one of the five Oakland Properties. |
| January 2003 | Under the name "R. Rad, a single man", Debtor acquires title to 1086 69th Avenue, Oakland, CA, one of the five Oakland Properties. |
| 3/21/03 | R. Rad, who is Debtor, transfers all of the Oakland Properties, except the Auseon Property, to the Allied Management Trust, of which Debtor is the trustee and beneficiary. |
| 5/6/03 | R. Rad, who is Debtor, transfers the Auseon Property to the Allied Management Trust, of which Debtor is the trustee and beneficiary. |
| 6/20/03 | Superior Court finds Debtor guilty of contempt due to Debtor's transfer of the Oakland Properties in violation of the preliminary injunction. Superior Court sentences Debtor to 36 days in jail. |
| 6/3/04 | $270K judgment entered in State-Court Action. |
| 9/9/04 | Supplemental judgment entered in the State-Court Action adding $130K prejudgment interest, $3,452,803 attorneys' fees, and $32,458 costs to the judgment (collectively, the Judgment). |
| 1/7/05 | Debtor files chapter 13 bankruptcy case. Debtor is not eligible for chapter 13 relief because his debts, including the more than $3.8 million Judgment, exceed the chapter 13 debt eligibility limits (as of the petition date: noncontingent, liquidated, unsecured debts of less than $307,765 and noncontingent, liquidated, secured debts of less than $922,975). |
| 1/21/05 | Debtor's bankruptcy case is converted to chapter 7 because Debtor is not eligible for chapter 13 relief. |
| 2/22/05 | Four days after the trustee filed adversary proceedings against Debtor to recover the San Mateo Properties, the East Bay Properties, the Peninsula Properties, and the Oakland Properties, Debtor transfers the San Mateo Properties to F. Namdaran (Debtor's mother). |
| 2/25/05 | Debtor files schedules in his bankruptcy case. Debtor does not list in his schedules any of the San Mateo Properties, the East Bay Properties, the Peninsula Properties, or the Oakland Properties. |
| 6/1/05 | Debtor testifies under oath at his 2004 examination that he doesn't remember why he didn't put his home address on the bankruptcy petition he filed in 2001, but that it may have been because he didn't want his credit affected. |

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT          -6-

1  (5)  The following issues are reserved for trial, as limited by
2       paragraph (6) below:
3       (a)  whether Debtor retained other real or personal property
4            after he transferred the San Mateo, East Bay, Peninsula,
5            and Oakland Properties (collectively, the "**Properties**");
6       (b)  whether Debtor was insolvent on the date the transfers
7            were made or became insolvent as a result of the
8            transfers; and
9       (c)  whether Debtor made the transfers with actual intent to
10           hinder, delay, or defraud creditors.
11 (6)  Pursuant to this court's October 13, 2006 Order re Cross
12      Motions to Preclude or Compel:
13      (a)  Defendants are precluded from introducing any evidence
14           that Defendants, rather than Debtor, were the true
15           (equitable) owners of the Properties before the transfers
16           at issue.
17      (b)  Defendants are precluded from introducing any evidence
18           that they paid Debtor consideration in connection with the
19           transfers at issue.
20      (c)  Except as provided in subparagraph (6)(d) below,
21           Defendants are authorized to introduce Debtor's testimony
22           and any documents already produced regarding: (i) whether
23           the badges of fraud indicate intent to hinder, delay, or
24           defraud creditors; and (ii) insolvency at the time of or
25           as a result of the transfers at issue.
26      (d)  In addressing the issues identified in subparagraph (6)(c)
27           above, Defendants are precluded from introducing any
28           evidence that Defendants rather than Debtor were the true

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT            -7-

1    (equitable) owners of the Properties before the transfers

2    at issue or any evidence that Defendants paid any

3    consideration in connection with the transfers at issue.

4                          **END OF ORDER**

ORDER RE CROSS MOTIONS
FOR SUMMARY JUDGMENT                    -8-

1                           **COURT SERVICE LIST**

2   Jeffrey L. Fillerup, Esq.
    Luce, Forward, Hamilton & Scripps LLP
3   121 Spear St., Ste. 200
    San Francisco, CA 94105

4
    Nhung Le, Esq.
5   Luce, Forward, Hamilton & Scripps LLP
    121 Spear St., Ste. 200
6   San Francisco, CA 94105

7   Jonathan G. Chance, Esq.
    JC Law Office
8   1605 Middlefield Rd.
    Redwood City, CA 94063

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

# EXHIBIT B

**Entered on Docket**
**March 13, 2008**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1

2                                          **Signed and Filed: March 12, 2008**

3

4                                          _____
                                           **THOMAS E. CARLSON**
5                                          **U.S. Bankruptcy Judge**

6                                          _____

7

8                        UNITED STATES BANKRUPTCY COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10   In re                          )   Case No: 05-30047 TEC
                                     )
11   RAMIN YEGANEH,                  )   Chapter 7
                                     )
12                                   )
                        Debtor.      )
13   _____)
     CHARLES E. SIMS, Trustee,       )   Adv. Proc. 05-3240 TC
14                                   )
                        Plaintiff,   )
15   v.                              )
                                     )
16   F. NAMDARAN aka FRAN NAMDARAN   )
     aka FARIN NAMDARAN aka FARIN    )
17   YEGANEH aka FRAN YEGANEH,       )
                                     )
18                      Defendant.   )
                                     )
19   _____)
     CHARLES E. SIMS, Trustee,       )
20                                   )
                        Plaintiff,   )   Adv. Proc. 05-3242 TC
21                                   )
                                     )
22   v.                              )
                                     )
23   COAST DEVELOPMENT TRUST and     )
     FARIN YEGANEH aka F. NAMDARAN aka )
24   FRAN NAMDARAN aka FARIN NAMDARAN )
     aka FRAN YEGANEH,               )
25                                   )
                        Defendants.  )
26   _____)

27

28

     ORDER AFTER STATUS CONF.              -1-

```
 1  CHARLES E. SIMS,                        )      Adv. Proc. 05-3243 TC
                                            )
 2                      Plaintiff,          )
                                            )
 3  v.                                      )
                                            )
 4  ADVANTA TRUST and FARIN YEGANEH         )
    aka F. NAMDARAN aka FRAN NAMDARAN       )
 5  aka FARIN NAMDARAN aka FRAN             )
    YEGANEH,                                )
 6                                          )
                        Defendants.         )
 7  _____)
```

 8                    **ORDER AFTER STATUS CONFERENCE**

 9       The court held a status conference in the above-captioned
10  adversary proceedings on March 7, 2008.  Jeffery L. Fillerup
11  appeared for Trustee.  Jonathan G. Chance appeared for Defendants.

12       Upon due consideration, and for the reasons stated on the
13  record at the status conference, the court hereby orders as follows.

14       (1)  A pretrial conference shall be held on May 2, 2008 at
15  11:00 a.m., United States Bankruptcy Court, 235 Pine Street, Twenty-
16  Third Floor, San Francisco, CA 94104.

17       The parties' counsel are directed to meet and confer in person
18  regarding settlement and the joint pretrial conference statement
19  before the pretrial conference.  Counsel are reminded that they are
20  required to file a joint pretrial statement seven calendar days
21  before the pretrial conference.  The pretrial conference statement
22  shall address: (1)  The substance of the action; (2) undisputed
23  facts; (3) disputed facts; (4) disputed legal issues; (5) witnesses
24  to be called by each party; (6) an estimate of trial time required;
25  (7) whether separate trial of specific issues is appropriate; (8)
26  whether it is appropriate to introduce the direct testimony of any
27  witnesses by declaration (subject to oral cross examination).

28       (2) No motion for summary judgment will be heard less than
    thirty days before trial without permission of the court.

    ORDER AFTER STATUS CONF.            -2-

1   (3) Trial will commence on June 3, 3008 at 9:30 a.m., at the

2   United States Bankruptcy Court, 235 Pine Street, Twenty-Third Floor,

3   San Francisco, CA. <u>Seven calendar days before the trial date</u>

4   <u>counsel shall inform the courtroom deputy (Gordon Hom (415) 268-</u>

5   <u>2362) whether the parties have settled and, if not, how much time</u>

6   <u>the trial will require</u>. During the week prior to the trial date the

7   court may reschedule the trial to a later day during the week of the

8   trial date. <u>Counsel should be prepared to go to trial at any time</u>

9   <u>during the week of the trial date.</u>

10   (4) Seven calendar days before the scheduled trial date,

11   counsel shall: (a) serve and file trial briefs (briefs shall not

12   exceed twenty-five pages without **prior** permission of the

13   court); (b) exchange copies of all exhibits to be offered, other

14   than those to be used for impeachment or rebuttal; (c) serve and

15   file statements designating excerpts from depositions, answers to

16   interrogatories and requests for admission, other than those to be

17   used for impeachment or rebuttal; and (d) exchange a list of

18   expected witnesses, other than those to be called for impeachment or

19   rebuttal, including a brief summary of each witness' expected

20   testimony.

21   (5) Counsel shall also: (a) premark all exhibits **before** trial

22   (Plaintiff's exhibits should be marked by number, Defendant's

23   exhibits should be marked by letter); (b) bring sufficient copies of

24   exhibits for all counsel, the witness, and the court; (c) in

25   any case in which the party expects to offer more than ten

26   exhibits, place the exhibits in a three-ring binder with an

27   appropriate tab attached to each exhibit; (d) number the pages of

28   any exhibit that has more than one page; (e) promptly advise the

opposing party of any objections to the introduction of the opposing

ORDER AFTER STATUS CONF.          -3-

1  party's proposed testimony or exhibits; and (f) meet **<u>before</u>** trial to

2  attempt to reach agreement regarding the admissibility of testimony

3  and exhibits.

4  **\*\*END OF ORDER\*\***

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER AFTER STATUS CONF.          -4-

1

**COURT SERVICE LIST**

2  Jeffrey L. Fillerup, Esq.
   Luce, Forward, Hamilton & Scripps LLP
3  121 Spear St., Ste. 200
   San Francisco, CA 94105
4
   Jonathan G. Chance, Esq.
5  JC Law Office
   1605 Middlefield Rd.
6  Redwood City, CA 94063

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Charles P. Maher, State Bar No. 124748
    Jeffrey L. Fillerup, State Bar No. 120543
2   Nhung Le, State Bar No. 209552
    LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3   Rincon Center II, 121 Spear Street, Suite 200
    San Francisco, California 94105-1582
4   Telephone No.: 415.356.4600
    Fax No.: 415.356.4610
5
6   Attorneys for Andrea A. Wirum,
    Successor-in-Interest to Charles E. Sims
7
8
9               UNITED STATES DISTRICT COURT
10              NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  In re RAMIN YEGANEH, | District Court Case No. C-08-01401 JSW |
| 13 | |
| Debtor. | |
| 14 | |
| 15  CHARLES E. SIMS, Trustee, | Bankruptcy Case No. 05-30047 TEC Chapter 7 |
| 16         Appellee, | |
| | Adversary Proceeding |
| 17  v. | No.  05-3243 TC |
| 18  ADVANTA TRUST and FARIN YEGANEH aka F. NAMDARAN aka FRAN | |
| 19  NAMDARAN aka FARIN NAMDARAN aka FRAN YEGANEH, | **CERTIFICATE OF SERVICE** |
| 20 | |
| 21         Appellant. | Date:    May 16, 2008 |
| 22 | Time:    9:00 a.m. |
| | Place:   450 Golden Gate Avenue, |
| 23 | Courtroom  2, 17th Floor, San Francisco, CA |
| 24 | Court:   Honorable Jeffrey S. White |

25      I, Nelly M. Quintanilla, declare as follows:

26      1.    I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP,

27  whose address is Rincon Center II, 121 Spear Street, Suite 200, San Francisco, California 94105-

28  1582.  I am over the age of eighteen years, and am not a party to this action.

1

1      2.      On March 31, 2008, I served the following:

2   ➢ **NOTICE OF MOTION AND MOTION TO DISMISS APPEAL OF**
    **INTERLOCUTORY ORDER  [FRCP 12(b)(1)]**

3

4   ➢ **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS APPEAL OF**
    **INTERLOCUTORY ORDER  [FRCP 12(b)(1)]**

5   ➢ **DECLARATION OF CHARLES P. MAHER IN SUPPORT OF MOTION TO**
    **DISMISS APPEAL OF INTERLOCUTORY ORDER  [FRCP 12(b)(1)]**

6

7   ➢ **[proposed] ORDER DISMISSING APPEAL OF INTERLOCUTORY ORDER**
    **[FRCP 12(b)(1)]**

8

    on the interested parties in this action by:

9

10  XX_____    **U. S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, for
               each address named on the attached service list for collection and mailing on the below
               indicated day following the ordinary business practices at Luce, Forward, Hamilton &

11             Scripps LLP.  I certify I am familiar with the ordinary business practices of my place of
               employment with regard to collection for mailing with the United States Postal Service.

12             I am aware that on motion of the party served, service is presumed invalid if postal
               cancellation date or postage meter date is more than one day after date of deposit or

13             mailing affidavit.

14  on the following parties:

15  William E. Gilg, Esq.
    305 San Bruno Avenue West

16  San Bruno, CA  94066

17

18

19      I declare under penalty of perjury that the foregoing is true and correct to the best of my

20  knowledge.  Executed on March 31, 2008, in San Francisco, California.

21

22

23  _____

24                          Nelly M. Quintanilla

25

26

27  301034949.1

28

2